NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRED THOMAS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>SCO L. BYRD,<br>SGT. PEER, and<br>CAPT. T. BLANGO<br><br>　　　　Defendants | CIV. NO. 21-14577 (RMB-SAK)<br><br>**OPINION** |

BUMB, DISTRICT JUDGE

This matter comes before the Court upon pro se Plaintiff Fred Thomas's ("Plaintiff") civil rights complaint under 42 U.S.C. § 1983. (Am. Compl., Dkt. No. 3.) Plaintiff is a pretrial detainee confined in the Burlington County Jail, and the Court construes the complaint as alleging Eighth Amendment failure to protect and excessive force claims and First Amendment retaliation claims against Defendants. Plaintiff has paid the filing fee.[1]

I.   *SUA SPONTE* DISMISSAL

When a prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison condition, 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review

---

[1] Although Plaintiff is a pro se prisoner, he paid the filing fee in this matter and is not entitled to service of process free of charge by the United States Marshals Service under Federal Rule of Civil Procedure 4(c)(3). Instead, the Court will direct the Clerk of Court to issue summonses to Plaintiff so that he may arrange for service of the summons and complaint on the defendants in compliance with Federal Rule of Civil Procedure 4(c)(1) and 4(e).

the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

II.   THE COMPLAINT

Plaintiff alleges that he sued SCO L. Byrd and obtained a settlement. In retaliation for that lawsuit, SCO Byrd: (1) told inmates that Plaintiff was a snitch and that he was gay; (2) threatened to kill Plaintiff's mother and children; (3) used "snitches" to spit in Plaintiff's food and add bleach and other things to his food; (4) put him in lock up without any charges; and (5) strip searched and kicked him before taking his clothes and putting him in a suicide room. Plaintiff alleges Sergeant Peer told lies to gang members to prompt them to assault Plaintiff. Further, Plaintiff alleges that Captain Blango, rather than protect Plaintiff from Byrd and Peer, accused Plaintiff of trying to provoke officers to assault him. As incredible as these allegations may seem, the Third Circuit has recently ruled that this Court must accept the allegations as true. See, Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021).

III.  CONCLUSION

Accepting Plaintiff's allegations as true, as the Court must at this stage, Plaintiff's complaint may proceed.

An appropriate Order follows.

DATE:  <u>**October 27, 2021**</u>

                                           <u>s/Renée Marie Bumb</u>
                                           **RENÉE MARIE BUMB**
                                           **United States District Judge**