NOT FOR PUBLICATION

Dkt. Nos. 41, 42

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

FRED THOMAS, Jr.,

   Plaintiff

v.

S.C.O. L. BYRD, *et al*,

   Defendant

CIV. NO. 21-14577 (RMB-SAK)

**OPINION**

RENÈE MARIE BUMB, Chief United States District Judge

  This matter comes before the Court upon Plaintiff Fred Thomas Jr.'s motion to move (Dkt. No. 41), and Defendants' motion to dismiss the complaint. (Dkt. No. 42.) The Court will decide the motions on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will deny Defendants' motion to dismiss and dismiss Plaintiff's motion to move as moot.

**I. BACKGROUND**

  On August 3, 2021, Plaintiff filed a *pro se* prisoner civil rights complaint, alleging Defendant S.C.O. L. Byrd, in retaliation for a lawsuit Plaintiff brought against him and settled, told inmates Plaintiff was gay, directed inmates to tamper with Plaintiff's food, kicked Plaintiff before putting him in a suicide room, and locked Plaintiff up without any charges. (Dkt. No. 1.) Plaintiff alleged Sergeant Peer prompted gang

members to assault him, and Captain Blango failed to protect Plaintiff from Byrd and Peer and accused Plaintiff of provoking officers to assault him. (*Id.*) This Court screened the complaint for dismissal under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), accepted the allegations as true, as the Court must at the pleading stage, and permitted the complaint to proceed. (Opinion, Dkt. No. 3; Order Dkt. No. 4.) After Plaintiff failed to obtain service of the complaint on the defendants, Plaintiff was appointed pro bono counsel for the limited purpose of serving process. (Orders, Dkt. No. 21, 29.) Defendants were served in January 2023. (Summons Returned Executed, Dkt. Nos. 36, 37, 38.) On January 20, 2023, the Honorable Sharon A. King, United States Magistrate Judge, granted pro bono counsel's request to withdraw from this matter. (Order, Dkt. No. 40.)

## II.     MOTION TO MOVE

On January 19, 2023, Plaintiff filed a self-styled "motion to move," seeking a status conference with the Court. There is a motion to dismiss pending in this matter. For the reasons discussed below, the Court will deny Defendants' motion to dismiss. Plaintiff may proceed with his claims *pro se*. Having advised Plaintiff of the status of this case, this Court will deny as moot Plaintiff's request for a status conference.

## III.    MOTION TO DISMISS

Defendants assert the Court should dismiss Plaintiff's complaint for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## IV.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Proper exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Exhaustion, however, is not a pleading requirement,[1] although Plaintiff alleged that he filed administrative remedies and one grievance form regarding his claims. (Dkt. No. 1 at 5, ¶ 5.) Therefore, the Court will deny Defendants' motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e. Failure to exhaust under 42 U.S.C. § 1997e may be raised on a motion for summary judgment under Federal Rule of Civil Procedure 56.

### B.   Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[1] *Jones v. Bock*, 549 U.S. 199, 21 (2007).

the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.) When screening the complaint for dismissal, this Court accepted Plaintiff's allegations as true and determined that he alleged the necessary elements to state claims of First Amendment retaliation and Eighth Amendment failure to protect and excessive force against the defendants under 42 U.S.C. § 1983. (Opinion, Dkt. No. 3.) Plaintiff, however, was a pretrial detainee when he filed his complaint. Therefore, his failure to protect and excessive force claims arise under the Fourteenth Amendment. He has, nonetheless, alleged sufficient facts, when accepted as true, to state a claim for relief. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (describing elements of Fourteenth Amendment failure to protect claim) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (for a Fourteenth Amendment excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable"); *Conard v. Pennsylvania State Police*, 902 F.3d 178, 183 (3d Cir. 2018) (describing elements of First Amendment retaliation claim).

## V. CONCLUSION

For the reasons stated above, the Court will deny Defendant's motion to dismiss.

An appropriate Order follows.

**Date: July 26, 2023**

                                          <u>s/Renée Marie Bumb</u>
                                          RENÉE MARIE BUMB
                                          United States District Judge