THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **FRED THOMAS, JR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**S.C.O L. BYRD et al.,**<br><br>**Defendants.** | Civil No. 21-14577 (RMB/SAK) |

**REPORT AND RECOMMENDATION**
<u>**RE: DISMISSAL OF PLAINTIFF'S COMPLAINT**</u>

This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial Orders and failure to appear for Court-Ordered conferences. For the reasons to be discussed, it is respectfully recommended that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 16(f). This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The Court makes the following findings in support of this Recommendation.

**I.     <u>BACKGROUND</u>**

Plaintiff filed this civil rights action on August 3, 2021 against Defendants S.C.O. L. Byrd, Sergeant Peer, and Captain T. Blanqo pursuant to 42 U.S.C. § 1983. *See* Compl. [ECF No. 1]. Plaintiff's complaint asserts Eighth Amendment failure to protect and excessive force claims and First Amendment retaliation claims. Upon initial screening, Plaintiff's complaint was permitted to proceed, and summons were issued to Plaintiff. *See* ECF Nos. 3–5. After several docket filings were returned as undeliverable, Plaintiff's complaint was dismissed without prejudice for failing to apprise the Court of his change of address under Local Civil Rule 10.1. *See* ECF Nos. 11, 12.

Nearly seven months thereafter, Plaintiff wrote requesting the case be reopened. *See* ECF No. 15. Plaintiff also requested the appointment of counsel. Plaintiff's request for counsel was ultimately granted in part. *See* ECF No. 21. Counsel was then appointed for the limited purpose of effecting service of process upon Defendants. *See* ECF Nos. 21, 29. Upon the completion of such service, *pro bono* counsel was relieved as Plaintiff's counsel. *See* ECF Nos. 39, 30.

Defendants initially moved to dismiss Plaintiff's complaint in its entirety. *See* ECF No. 42. Following the denial of Defendants' motion, they filed an answer to Plaintiff's complaint largely denying the substance of his claims. *See* ECF No. 54. Thereafter, an initial scheduling conference was scheduled for October 3, 2023 by Court Order. *See* ECF No. 59. No appearance was made by Plaintiff or an attorney on his behalf at the October 3, 2023 initial conference.[1] *See* ECF No. 63. As a result, the Court scheduled another initial conference for October 13, 2023. *See id.* Plaintiff initially appeared for the October 13, 2023 initial conference. A proposed Joint Discovery Plan was not submitted to the Court. During this conference, defense counsel stated that he sent a proposed Joint Discovery Plan to Plaintiff for his consideration in advance of the conference, but Plaintiff failed to respond. After approximately five minutes into the conference, Plaintiff was no longer connected to the conference call. Uncertain as to whether Plaintiff had hung up, the Court kept the line open for another five minutes in hopes that Plaintiff would rejoin the call if in fact the disconnection was unintentional. Plaintiff failed to rejoin the call or subsequently provide an explanation for his disconnection from the call. In light of Plaintiff's initial failure to appear and

---

[1] The Court notes that, in August and September 2023, Plaintiff's mail was again being returned as undeliverable. *See* ECF Nos. 55, 58. On or about August 30, 2023, the Court received two letters from Plaintiff that appeared to indicate a change of address. *See* ECF Nos. 56, 57. As such, the Court directed the Clerk to update Plaintiff's address on the docket. All mailings of Court Orders concerning the initial conference were mailed to Plaintiff's updated address.

subsequent failure to fully participate in the initial conference, the Court issued an Order to Show Cause ("OSC") and Scheduling Order, which states in part:

> **IT IS HEREBY ORDERED** . . . that Plaintiff shall call in for a teleconference on **November 2, 2023 at 11:30 a.m.** to show cause as to why he should not be sanctioned for his unexcused absence at the October 3, 2023 initial scheduling conference and for failing to fully participate in the October 13, 2023 initial scheduling conference. . . .
>
> **FAILURE TO APPEAR** in response to this Order to Show Cause may result in the imposition of sanctions, including the Court's recommendation that Plaintiff's case be dismissed as abandoned.

OSC & Sched. Order, Oct. 16, 2023, at 1–2 [ECF No. 66]. The November 2, 2023 show cause hearing and status conference was rescheduled to November 3, 2023 at 10:00 a.m. at the request of defense counsel. *See* ECF Nos. 67, 68. Neither Plaintiff nor an attorney on his behalf appeared at the November 3, 2023 show cause hearing and status conference.[2] *See* ECF No. 72.

## II. DISCUSSION

Federal Rule of Civil Procedure 16 provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference [or] . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(A), (C). This includes "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is an extreme sanction, reserved for cases where a litigant has acted in flagrant bad faith or callous disregard of his or her responsibilities. *See Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The Third Circuit has also recognized that courts have the inherent equitable power to dismiss an

---

[2] The Court notes that mailings of the Minute Entry for the October 13, 2023 initial conference, the Court's OSC and Scheduling Order, and the Court's October 18, 2023 Text Order were all returned as undeliverable. *See* ECF Nos. 69–71. The Court further notes that Plaintiff seemingly received notice of the October 13, 2023 initial conference by mail, in light of his brief appearance. He has not notified the Court of any change of address since.

3

action as a sanction for failure to prosecute, contempt of court, or abuse of litigation practices. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction for violation of a scheduling or other pretrial order, courts generally consider the factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). Such analysis, however, is not always necessary. *See, e.g.*, *Dover v. Digugliemo*, 181 F. App'x 234, 238 (3d Cir. 2006) ("[A] *Poulis* analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The *Poulis* factors to be weighed are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Orama v. Boyko*, 243 F. App'x 741, 742–43 (3d Cir. 2007) (alteration in original) (citing *Poulis*, 747 F.2d at 868). Whether to dismiss a case or claim is within a district court's discretion. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221–22 (3d Cir. 2003). No particular *Poulis* factor is controlling, and dismissal may still be warranted even if some of these factors are not satisfied. *See id.* at 221 (citation omitted).

Although a *Poulis* analysis may not be warranted in this matter, the Court finds an analysis of the *Poulis* factors supports a recommendation of dismissal. First, Plaintiff carries full personal responsibility for his failure to participate in the case because he is proceeding *pro se* in this action. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). This is especially true here because Plaintiff initiated this action *pro se* and has since failed to appear or otherwise participate meaningfully.

This includes Plaintiff's failure to appear at the October 3, 2023 initial conference, failure to fully participate in the October 13, 2023 initial conference, and his failure to appear at the November 3, 2023 show cause hearing and status conference.  Moreover, Plaintiff has repeatedly failed to apprise the Court of changes in his address in direct violation of Local Civil Rule 10.1(a).  The Court notes that Plaintiff is not unfamiliar with this process, as he most recently filed a notice of change of address on April 11, 2023. ECF No. 47.  The Court further notes that on ten occasions since Plaintiff filed his Complaint, mail sent to Plaintiff was returned as undeliverable.  As such, the responsibility for Plaintiff's repeated failure to appear and to comply with the Court's Orders cannot be placed on anyone but Plaintiff himself.

Second, the prejudice to Defendants caused by Plaintiff's repeated failure to comply with the Court's Orders also supports dismissal.  The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm," and includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Briscoe*, 538 F.3d at 259 (citations omitted).  Oftentimes, this type of prejudice involves disputes between the parties on discovery or other pretrial matters, such as a failure to cooperate with discovery requests, court orders, or scheduled conferences. *See id.*; *see also Hoffman v. Palace Ent.*, 621 F. App'x 112, 115 (3d Cir. 2015) (affirming the dismissal of a *pro se* plaintiff's civil rights action, in part, because her repeated failure to cooperate and to appear at necessary pretrial conferences caused prejudice to the defendants).  Here, Plaintiff's repeated failure to comply with the Court's Orders and Local Rules, including his failure to appear at Court-Ordered conferences, has caused unnecessary delay and prevented the litigation from proceeding.  Accordingly, the Court finds that Plaintiff's conduct has prejudiced Defendants and that this factor weighs in favor of dismissal.

Plaintiff's history of dilatoriness and the willfulness of his conduct also favor dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). As discussed above, Plaintiff has ignored multiple Court Orders and has failed to appear on numerous occasions, including failing to cooperate with defense counsel to complete a joint proposed discovery plan. The Court also notes that at the sole conference Plaintiff appeared, he refused to meaningfully participate and presumably left the conference call on his accord. While Plaintiff had filed multiple letters on the docket prematurely requesting telephone conferences,[3] Plaintiff now appears to have abandoned his case, as the case is procedurally attempting to move into the discovery phase. Plaintiff's failure to participate at this stage is also willful. He appears to have hung up during an attempted telephonic initial conference and has failed to communicate with the Court since that time. *See, e.g.*, *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (finding the record supported the district court's conclusion that the litigant's "conduct in failing to comply with the court's orders and in dragging the case out was willful and not merely negligent or inadvertent"). Plaintiff's willful failure to participate in this litigation is manifest as evidenced by his repeated refusals to comply with the Court's Orders and Local Rules. Plaintiff's willful refusal to comply with the Court's Orders directing him to appear by telephone on three occasions and to show cause for his repeated unexcused absences demonstrate a disregard for the Court's authority. Moreover, Plaintiff's repeated failure to provide notice of changes in his address under Local Civil Rule 10(a), despite his case previously being dismissed on this basis, only further demonstrates his disregard for the Court's authority and rules. Because Plaintiff has repeatedly

---

[3] By Text Order of January 6, 2023 [ECF No. 34], Plaintiff was advised that an initial conference would be scheduled once his Complaint was served, and an Answer filed.

ignored and failed to comply with the Court's Orders and Local Rules, the Court finds dismissal is the only effective sanction. The Court foresees no prospect that providing Plaintiff with another chance to appear would elicit a change of behavior.

Lastly, the Court considers whether Plaintiff's claims or Defendants' defenses are meritorious. As the *Poulis* court noted, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." 747 F.2d at 869–70. It is unclear to the Court at this time whether Plaintiff's claims have merit. Accordingly, the Court finds a balancing of the *Poulis* factors favors dismissal. *See, e.g.*, *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of these factors need be met for a district court to find dismissal is warranted."); *Pak-Vak Sys. v. T&S Products*, No. 05-3518, 2006 WL 2844149, at *1 n.1 (D.N.J. Sept. 6, 2006), *adopted by* 2006 WL 2844162, (D.N.J. Oct. 3, 2006) (concluding that dismissal was warranted without any finding as to whether a meritorious defense exists because the prejudice to the defendant was clear due to the plaintiff's repeated failure to comply with court orders).

The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. *See Poulis*, 747 F.2d at 867–88. However, this relief is appropriate here. Plaintiff willfully refuses to comply with and repeatedly ignores the Court's Orders and Local Rules. It is evident that Plaintiff's inaction manifests his intention to abandon the case. Under these circumstances, the Court finds there is no lesser alternative sanction than the dismissal of Plaintiff's claims.

## III.  CONCLUSION

Accordingly, for all the foregoing reasons, it is this **13th** day of **November**, **2023**, respectfully recommended that Plaintiff's complaint be dismissed. Pursuant to FED. R. CIV. P. 72 and L. CIV. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Renée Marie Bumb, Chief Judge

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **FRED THOMAS, JR.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**S.C.O L. BYRD et al.,**<br><br>    **Defendants.** | Civil No. 21-14577 (RMB/SAK) |

## **PROPOSED ORDER**

This matter has been raised *sua sponte* by the Court because of *pro se* Plaintiff's failure to comply with this Court's scheduling and pretrial Orders; failure to appear for Court-Ordered conferences on October 3, 2023, October 13, 2023, and November 3, 2023; and failure to prosecute his case. *See* ECF No. 66; and the Court having considered the Report and Recommendation submitted by the Honorable Sharon A. King, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they have fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to L. Civ. R. 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown,

  **IT IS** on this ___ day of _____, 2023, hereby

  **ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

  **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                _____
                RENÉE MARIE BUMB
                Chief United States District Judge